and we'll hear from Appellant's counsel first. Are you going to reserve time? Yes, Your Honor. Good morning. May it please the Court if I could have three minutes for rebuttal. That's granted. Thank you, Jessica Edinger for Mr. Smith. This case asks the Court to decide whether Mr. Smith's 924C conviction in Count 6 specifically can stand. Our briefs give the Court a few reasons why it cannot and I'd like to focus our time this morning on our primary point, which is that 1512 attempted murder is not a crime of violence. Our view is that Taylor makes this case straightforward. The rule from Taylor is that common law based attempt offenses are not crimes of violence. It doesn't say that. It deals with the language of a particular statute that involved, you know, a certain kind of robbery and it could be committed just with threats. I don't think Taylor can be read that broadly. Taylor goes, I would push back on your Honor's analysis. Taylor goes through a straightforward categorical approach that's true to the text of both attempted Hobbs Act robbery, of course, but also 924C. Okay. And so it walks through a standard approach. It takes a, looks at the specific crime at issue. It says whatever completed Hobbs Act robbery says we're focused on attempt. It then identifies the elements of that crime in particular, which are an intent plus a substantial step. And then it looks at the elements clause and it says repeatedly at pages 851 and 854, there's no match here. There's no match between the substantial step elements and 924C's requirements. And so what we have in Taylor is the model for how to resolve similar case like this one, 1512 attempted murder. Taylor doesn't explicitly decide this case, right? In the sense that Taylor deals with attempted Hobbs Act robbery and we're dealing. Meaningfully, no, because it's also a common law based attempt offense. The parties here agree that 1512 attempted murder, just like attempted Hobbs Act, it does not necessitate the use of force. No, Your Honor, perhaps I misunderstood, understood your question. Both attempted Hobbs Act robbery and attempted murder under 1512, neither categorically requires what 924C. Let's try to make it concrete. You can commit an attempted Hobbs Act robbery by just threatening to use force, saying, you know, I'm going to hit you if you don't give me or something like that. But but not starting to swing or taking a common law, you know, dangerous proximity. But how can you commit and you can't commit an attempted murder by saying I'm going to kill you. Right. So give us the concrete scenario in which someone would commit an attempted murder under 1512 that did not involve the dangerous proximity required by the common law to, you know, commit an attempt to use force. Certainly, Your Honor. So Your Honor is looking for a concrete example. I would point the court to the Fifth Circuit in Contreras and the Fourth Circuit in Borda, where both of those cases are dealing with the sufficiency of the evidence for the substantial step requirement for a 1512 attempted murder. So in each of those cases. The substantial step is the model penal code approach. It's not the common law approach. You were talking about the common law approach to attempt. So I understand the elements. I believe the government and I are on the same page on this, but for attempted murder, we need an intention to commit murder and then a substantial step towards that. So you don't mean common law. You mean model penal code approach. Correct. I'm perhaps not understanding the distinction when we talk about substantial step. I've understood it to mean something beyond mere preparation. It's unequivocal. It's significant. It doesn't have to be violent. I'm thinking about language the same as in Taylor 851. In fact, the government said in its briefing, yes, he's convicted of 1512 attempted murder. How is that not an attempt to use force? So I think the fight here is what does attempted use of force mean in 924C? Is it being informed by the common law or is it being informed by the ordinary meaning? So I'm representing the model penal code through the substantial step element. The model penal code goes through a series of different presumptively sufficient substantial steps. So I would think that so long as a hypothetical defendant had an intention to kill, a substantial step like reconnoitering, which is in subsection 2C, or possessing materials near the place that's intended to be committing the crime. But that's enough for attempted murder. Why is that not simultaneously enough of an attempt to use force? Why is that a substantial step towards using force? So I push back on the idea that a substantial step towards using force is what attempted use of force means. I think that's in conflict with what Taylor told us. Attempted use of force in 924C means. The threshold for attempting to use force is a higher threshold than the threshold for attempting to murder. I think that's the confusion as to what work is the word attempt doing in 924C. Is it describing a standalone offense or is it describing an element that can be applied to any number of offenses? The answer is the latter. It's not being informed by the common law. Taylor's giving us the definition that it's specific action taken against specific persons. And that doesn't match the substantial steps that I just outlined. So possessing materials is not specific action taken against specific persons. Ignoring a place that you're thinking about committing a crime is not specific action. So the common law, as you understand, is an attempt to make up for a mistake that actually has to be made. Sure. So beyond Taylor telling us that the common law doesn't apply here because it's specific action against specific persons, it's not enough. It's not enough to leave Taylor as a sleeping woman who walks. Sure. So I would push that we would go into the police department and find some cases that we have to erase the common law where it doesn't apply. And so we'll get, we will get, we can't just look at any kind of a special offense. But what if it's not a specific action? You're doing something like this where the people in civilian could be on chance to respond to each other. That's even easier. Government subordinate on page 9 said, Blinds should not be red-barred because the court in Blinds had no reason to address the fundamental difference between a statute that prevents an attempt to cause injury under the common law and a statute that also prohibits a mere attempt to threaten under the common law, and it is determined that the red-barred statute falls into neither category. That's one of the statements they made about Blinds. How do you respond to government's arguments on Blinds? So I appreciated the opportunity to focus the parties on Blinds because I think it sets up a helpful dichotomy here. It discusses Taylor at length and explains are we in the land of Taylor where we have an unmodified use-of-the-word attempt or are we somewhere else? And then Blinds is looking at 2113 and we're outside the realm of Taylor. So we have a dichotomy here. We have Taylor speaking to what I've described as common law based attempt offenses. I don't think that's just my reading of Taylor. I think that's Blinds' reading of Taylor. And then we have Blinds speaking to other types of attempt offenses. They deal with modified attempts. You said that we precedentially endorsed your reading of Taylor in Blinds. Is that an overstatement? What I meant by that is to say that Blinds is explaining what Taylor holds, and I view that as consistent with what the defense reads Taylor to hold, and Blinds is a precedential opinion. So I view Blinds' analysis of Taylor as part and parcel of the analysis. I think it's binding on this court. Of course, I think Taylor is binding on this court, and collectively I think both are very helpful for figuring out in which camp does 1512 attempt to murder land. I don't think this case is breaking new ground. I think it naturally goes from the analyses that we see this court setting out, true to textualism, what does the categorical approach require? And when we walk through that categorical approach here, we end up with 1512 attempt to murder requiring involvement. Right here, two things, an intention to kill and a substantial step for death penalty. I mean, I suppose the elephant in the room is all the other circuits that appear to go the other way. Aren't you asking for us to create a circuit split? We are asking for this court to go a different way, but I think, and with immense respect to the other courts, I don't think they're being true to textualism. So I'm asking this court to take a textualist approach Let's take a look at the text of 1512. I've got it in front of me. What in the text do you want us to focus on that you think can help you approach? So I want us to focus on the text of both 1512 and 924C. Which one do you want to start with? So we're starting with 1512A1C, and we're looking at the word attempt, and attempt to kill. Everybody agrees that attempt to kill in this context is informed by the common law. So intention plus substantial step, that's the actus reus element, so that's what we're focused on. Fair enough. And then when we move to 924C, we're then looking, of course, just at the elements clause and whether intention and substantial step towards that end matches any of the elements, use, attempted use, threatened use of force. The government here has not suggested that there could be any match. And then where are we in 924C? What do you want me to focus on? We're at 924C3A. C3A has no use, attempted use, or threatened use of physical force. Why should we read attempted use of physical force in 924C3A to mean anything different, attempt to have any different threshold from the threshold for attempt to kill in 1512A1C that we were just looking at? So in 1512, the use of the word attempt is being used to describe an offense. In C3A of 924, we're looking at attempted use of force. Attempt has been modified. It's only describing an element. It's not describing a standalone offense. It makes it a grammatical forfeit. The court doesn't just have to take my word for it. That's also coming from Judge Nguyen's opinion in Dominguez. Judge Nguyen points out this grammatical flaw. And then there's also a concern. I'm sorry. I didn't mean to interrupt. I didn't know there was a question. And then, of course, we come back to Taylor. But I understand the court wants to focus on the grammar. So I think attempt is being used differently. I think the court's opinion in Fines is helpful when we talk about when attempt is being modified. We don't assume that the common law is filling in. And so I would urge the court to take that different approach as to why the words are being used differently. We started out our discussion talking about Taylor perhaps being just about attempts to threaten. I want to make sure to touch on that point because I know it's one that the other courts have been concerned about. Taylor is not about attempts to threaten. The government says this in its brief, but it can't give a pin site. And I think the reason for that is because the phrase doesn't appear in Taylor at all. Taylor had every opportunity to say that this was a case about attempts to threaten. I don't think Justice Gorsuch overlooked that possibility. I think it was very intentional to walk through a categorical approach and not endorse that. To say that attempts to threaten or attempts to use force works that way really confuses intention and action. And my concern when we talk about this in the briefing is that that's what the other courts have done. We're either implying an automatic designation rule, looking at the elements of a completed offense and assuming that those are somehow imported into a separate offense. They're not. Taylor explicitly says we don't do that. That's Taylor at page 853. But then there's also the concern that both Judge Nguyen and Judge Jopri write about in the Dominguez and St. Hubert dissents. And I would encourage the court to look at those separate opinions because they confuse an intention to commit every element of a completed crime with the action that actually takes place. And I see that I've run out of time. Okay. We'll hear you on rebuttal. Thank you. Thank you. Good morning, Your Honor. If you may please the court. Robert Zausman on behalf of the government. Your Honor, this is a very straightforward matter, which I think is why seven other circuits unanimously have reached a conclusion in agreement with the government's position here. Without dissent. You know, we have 21 federal appellate judges who have reached this conclusion. And I believe they're correct. What we have here, very simply, is a statute that says it's a crime to attempt to kill a federal witness. And then we have an elements clause that says the attempted use of force is categorically a crime of violence. We have an exact match. And in suggesting otherwise, what my friend is suggesting is that we have to take a bizarre interpretation of the elements clause and what attempted use is. We were just instructed by the Supreme Court in the Delgado decision that in interpreting the elements clause, we look to the ordinary meaning of the terms. And what's the ordinary meaning of attempt? We all know what the ordinary meaning of attempt is. It's a substantial step combined with the intent to commit the final act. That's been true before this country was established and it's been true throughout history. That is what attempt means. And so the suggestion that's being made here by my friends on the defense side is that Congress somehow, in writing the elements clause, and saying attempted use of force, somehow meant something completely different. I don't believe so, Your Honor. That is the question, of course, as you've articulated it, presented by the categorical approach. This has to categorically, in every instance, require the use, attempted use of physical force. No, I cannot contemplate a scenario in which a very straightforward attempted murder statute like this, attempt to kill, attempted murder, is not categorically a crime of violence. And, of course, I have to point out the other elephant in the room. Judge Chigaris noted one elephant. If I can note the other elephant, which is that if the defense position is correct, there is no attempted murder statute in the United States that qualifies categorically as a crime of violence. Now, we're concerned here with Section 924C, but we have to keep in mind that the exact same elements clause is in the Armed Career Criminal Act, it's in the career offender provision, where we daily look to state provisions as well. There is no state, 50 states, no territory, no federal government, that says an attempt to kill is anything other than defined under the common law. We've seen different suggestions in the defense brief over what this could possibly mean. I don't think it was mentioned this morning. But one of the suggestions was, well, what attempted use of physical force means is that you used force, but you missed. So in other words, somebody fired the gun at someone, but it missed. And that would be attempted use. Well, there are two problems with that. One problem is that that wipes out the attempted use part of the elements clause. That conflates attempted use with actual use of force, because certainly shooting a gun is a use of force, whether you succeed or not. So that's problem number one. You've written attempted use out. But what you've also done is you've eliminated every state and federal attempted murder statute and probably every other attempted violent crime statute, because no state has written its statute as it's a crime to attempt to kill somebody by shooting and missing. And since we're dealing with the categorical approach, if their interpretation is correct, and that is required under the elements clause, then nothing qualifies. And that can't be. And once again, we look to Delegati, and we look to all of the other Supreme Court decisions that have said you can't use the categorical approach to create a null set, that Congress's purpose was not to wipe out prototypical, using the word from Delegati, prototypical violent crimes as crimes of violence. Now, your adversary, well, other circuits have done what they've done. We have vines, which is binding on us. Your adversary points out that that is helpful to her argument. Perhaps you can address vines and how it applies here. Absolutely. So vines, which I had the privilege of arguing, and Judge Bibas, of course, had the privilege of being on the panel, so he'll tell me what it really means. But the position we took in vines was very consistent. Well, we look at Taylor as every circuit has looked at Taylor and said the reason Taylor doesn't qualify is the first thing that you look at for attempted hopsack robbery, the first thing you look at is would the crime, if completed, be a crime of violence? And then would an attempt necessarily involve force? Taylor is a case in which you can commit attempted hopsack robbery by threatening someone. And so Taylor lays out this long hypothetical about this person named Adam who is planning to go in and threaten somebody but never gets there and hasn't used or attempted to use force at all and doesn't need to because all he's trying to do is threaten. The murder statute, and this is what all the circuits have pointed out, is different because for attempted murder you are actually attempting to use force. There's no threat involved. So when we get to vines, the briefing and the position we took in vines and in the oral argument is that if the bank robbery statute were written like the hopsack statute, we would have had a problem. A bank robbery, we all know, is theft by force, violence, or intimidation. Intimidation is a threat. And so if the bank robbery statute said it's a crime to attempt to steal from a bank by force, violence, or intimidation, we would have a replay of Taylor and we would have to concede that categorically it's not a crime of violence. What saved the day for bank robbery in vines was that that particular statute is written differently. That particular statute does require actual force with regard to any attempt. And that's why, and Judge Bepas wrote this, we don't look to the common law. It's not a common law attempt statute. It's a statute that says by force and violence attempts to commit this crime. And therefore, it fell into the bucket of actual use of force. Your adversary points out in their supplemental brief, actually on the first page, that vines states common law based attempt offenses are not crimes of violence because common law definitions of attempt do not require force. And the decision does not explicitly say that. We look at vines as addressing the case before it, which is the bank robbery statute. And the quote that I wrote down from the vines opinion is we do not import the common law of attempt into 2113A. And that's because of the way that statute was drafted. So it would be quite a reach to say that this court did not import the common law of attempt and yet was ruling on what would happen with a statute that does import the common law of attempt. That's the issue before this court today. Here we have a traditional standard common law attempt crime. And our position is that now, unlike in vines, we're required to now zero in on the attempted use part of the elements clause. And attempt is attempt. It's the common law of attempt. It means a substantial step plus intent. And that's why every court has concluded that Taylor is different, therefore vines is different. And when we're dealing with an attempt to kill, it is literally an attempt to use force. There's a real difficulty in the statutory interpretation. Unless the court has further questions, I'll just look at my notes carefully. And again, there's also, the last thing I'll say, the defense has rested on a quote in Taylor as well that says, you know, for this threat crime, it doesn't involve force. And they say, well, this is somehow an interpretation of the common law. I'll point to the Fourth Circuit decision in Lassiter. I think they do a really good job of calling this cherry-picked quote not sufficient to say that the Supreme Court was addressing something that's not before it. And therefore, Lassiter and all these other circuits concludes that attempted murder, of course, is a crime of violence. We are not wiping out attempted murder throughout the United States. In response to that, the defense highlighted a few statutes they were able to find. And you know that both of us, my colleagues in the Defense Association, we've done nothing for the last 10 years except scour state statutory provisions. And what their product here, I think, is a statute in Montana that somehow requires force in relation to an attempt. And the federal hate crime statute is written like the federal bank robbery statute. And that's it. We would have nothing left. There would be nothing left in terms of this prototypical violent crime as a crime of violence. So I'll just conclude, again, referring to the opinion in Vines. This court said, once in a blue moon, the categorical approach ends up in the right place. And I would respectfully suggest that the blue moon rises twice this year, that we have another instance in which the categorical approach does not preclude this conclusion. If I could just pivot for one minute on the erroneous jury instruction allegation. What's our standard of review here? Is it plain error review? And I know your argument is going to be, well, even if it's not, we win anyway. But what is the standard of review? Well, I believe it is plain error because the objection was not made before. The other point to make, of course, is that otherwise the Brecht standard applies, which is what applies on 2255 review, which is where we are. And there's language that Brecht is actually as rigorous, if not more rigorous, than plain error review. We have to show a prejudicial error. And under Brecht, there's only relief, I think, in the language if the court is in equipoise, if you just can't figure it out. But if there's any probability that the result would have been the same, under this standard, I would welcome any standard of review, honestly, with respect to this issue because, of course, this court's decision, again, Judge Bibas has been very prolific, this court's decision in Wilson was on direct review, I believe, and reached the right conclusion, which is that you still have to have a reasonable probability that the result would have been different, that if the jury had only focused on solicitation in this case and not attempted murder, that, in other words, if they would have focused on attempted murder alone, they would not have reached this verdict. And what Wilson tells us is where you have convictions on every substantive count, you can't reach that conclusion. How could they convict of attempted murder in a case in which the only basis of the charge against Damien Smith for attempted murder was that he drove his buddy to outside the house of the witness, handed the guy a gun, and said, go inside and take care of this. That's the attempted murder, and clearly it's associated with the use of the gun and furtherance of that. So we could just go with Wilson without even worrying about the standard of review. This is the exact same case. The case that the defense cites in Williams, so Melvin Williams' case, which I also have the fortune of handling, is a very different case. If you go back to the district court there, we have an opinion by Judge Brody. The problem in Williams was that you didn't have a 924C count. You had it based on multiple charges, but in addition, multiple acts. There were two different temporal incidents that it was based on. One was this year-long conspiracy to commit Hobbs Act robberies, and then second was a very violent shootout with FBI agents that took place at the very end. And Judge Brody said, in this situation, she couldn't tell, and she couldn't say with confidence what the jury relied on. Actually, frankly, Your Honors, we've appealed the Williams result, and so that's currently on appeal in front of this court. We have filed our brief. The other side's brief has not been filed, but it's a completely different situation. I'll welcome the opportunity to be back here hopefully in a few months, but that is a totally different situation from Wilson and this situation. So your primary argument is plain error review? Yes, it is plain error review, because we're told that plain error applies uniformly. That's the Adams rule, and here we have no objection before, and thus this court, if the burden is on the defense to show a reasonable probability that there would have been a different result, we don't think that's possible. All right, thank you. We'll hear from your friend. Thank you, Your Honor. The problems that the government cites with 1512 attempted murder just simply don't exist. The government has talked about there being a null stat if the court were to endorse the defense's reading of attempted use of force in 924C, and I can point to at least three categories of crimes that would fall into having such an element. So the first are those that modify the word attempt, like the statute at issue in Vines, also 928A1 in Title 10. The second category are those that have a deadly weapon requirement, so I would point the court to its decision in Ramos, where it's dealing with a Pennsylvania statute that's aggravated assault with a deadly weapon, similarly the federal hate crime statute. And then there's those that have an express element, like 1512A2, the modern 1512A2, and we know that it has that element if you look to the penalty provision in 3B2, as well as the Minnesota statute cited in our briefs. And the government complains in its supplemental briefing that these aren't pure attempt crimes, and if that means that they are different from 1512 attempted murder's common law-based formula, that's correct. The government also complains about superfluidity between use and attempted use. We think those remain distinct. We distinguish it based on contact, but I'd point out that the government talked about substantial overlap in its Taylor briefing before the Supreme Court and didn't see a surplusage problem. Now suddenly it does. Taylor, in fact, confirmed that there's overlap between use and attempted use and didn't see a problem. Both are animated by specific action against specific persons. I'd also point out that attempts simply aren't the prototypical crimes of violence that are being talked about in Delegati. That discussion comes at the end of the opinion. It's at the tail end of a categorical textualist analysis of the completed murder offense. And to make that be a governing factor here would be the tail wagging the dog. And then more importantly, attempts simply aren't prototypical crimes of violence. If what we're thinking of when we think of attempted murder is the bullet that whizzes past, that might be one iteration, but we don't look at one iteration of attempt offenses and then bypass the rest of the ways that an attempted murder could be committed. Lastly, I would just point out that I believe I heard Mr. Zosmer say that we're looking at the completed offense to see if it always categorically requires the use of force, and then deciding how that affects our analysis of the attempt offense. I would push back on that. I agree that that's what other courts are doing. The other courts are respectfully wrong. It's completely contrary to Taylor at 853, where Taylor writes very clearly if Congress had wanted the elements clause to do that kind of work, that's the statute it would have written. It would have said it would have swept in federal crimes that require as an element the use or threatened use of force and those that constitute an attempt to commit that offense. So if that's what Mr. Zosmer is advocating for, the Supreme Court has closed the door on that. Taylor repeatedly rejects the match between the substantial step at element here and 924C. Importantly, the government had argued that attempted use would capture substantial steps in a crime in which physical force was an operative factor. It said so in its Taylor briefing at page 21. The court did not endorse that in Taylor. This court's not free to do so now. Can I ask you, what is the standard of review for your erroneous jury instruction argument? Is it plain error? No, it's Brecht. I think the Frady case from the Supreme Court makes clear that plain error doesn't apply in this context. So we're here under the Brecht standard and that requires either more than a reasonable possibility or grave error. And if we're in equipoise grave error, which I think is where we are on that issue, then we tilt towards prejudice, we assume. How could there possibly have been that the jury rested just on solicitation? If they convicted, doesn't it mean that on these facts and these arguments that they really found both? So they did convict on both substantive offenses. Right. So clearly they found both. And then they're repeatedly given instructions before and after trial, six times after trial, as well as handed those in the jury room with an indictment that says the same, that says either one. And then you have a general verdict form that says count four or count five. So I think we're in equipoise as the reviewing court. The Bennett case is helpful there. The Bentley case is helpful as a 2255, saying this Court's not in a position to just pick which predicate at this point the jury relied on. We don't deal with a hypothetical retrial or the sufficiency of the evidence. And so I think this Court's in equipoise on that point. Thank you, Counsel. Thank you, Your Honors. We thank Counsel for their excellent briefing in this case, including the supplemental briefs based on the new case law. We thank Counsel for your excellent argument today.